UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANDRE GREENIDGE,

                        Plaintiff,

  -v-                                                 No. 15CV9330-LTS-DCF

CONTEGO INVESTIGATIVE SERVICES, INC.,

                        Defendant.
-------------------------------------------------------------X

## MEMORANDUM ORDER

        The Court has received and reviewed the parties' joint motion for approval of the proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case. (See Docket Entry No. 23.) "[B]efore a district court enters judgment [on an FLSA settlement agreement], it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal quotation marks and citation omitted). In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is

generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).  Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor.  In dicta in Cheeks, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases or excessive attorneys' fees.  See generally id.

       The Court has carefully considered the parties' joint submission, which includes factual proffers and a copy of the settlement agreement.  (See Docket Entry No. 23.)  In light of the factors articulated above, the Court finds both that the proposed settlement agreement, including the attorneys' fees and costs award component, is fair and reasonable and that it satisfies the requirements of Cheeks.  The Court will therefore "so-order" the settlement agreement (Docket Entry No. 23, Ex. 1) and enter the parties' stipulation of dismissal.

       This Memorandum Order resolves Docket Entry Number 23.  The Clerk of Court is respectfully requested to close this case.

       SO ORDERED.

Dated: New York, New York
       June 1, 2016

                                                     /s/  Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                     United States District Judge